# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ARVONNA BOYD and ROBERT BOYD, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:15-CV-01835-ELR-JFK |
| NATIONSTAR MORTGAGE, LLC, | * * | |
| Defendant. | * | |

_____

# O R D E R
_____

In this matter, Magistrate Judge Janet F. King's Non-Final Report and Recommendation ("R&R") and Defendant's objections thereto are before the Court for consideration. (Doc. Nos. 11 & 13.)

## I.  STANDARD OF REVIEW

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2012).  If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Notably, a party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

## II.  BACKGROUND[1]

As more fully summarized in Judge King's R&R, Plaintiffs executed a security deed on April 16, 2007, with the Mortgage Electronic Registration Systems ("MERS") as the nominee for the lender, RFS Mortgage Bankers, and the lender's successors and assigns. On October 21, 2011, MERS assigned the Security Deed to Defendant.

With the instant complaint, Plaintiffs argue that they never received any correspondence prior to the foreclosure sale. They contend that the last correspondence from Defendant they received was dated November 9, 2011, after they requested a loan modification. In that letter, Defendant represented that it would consider a request for loan modification if Plaintiffs submitted the appropriate paperwork by December 9, 2011. Plaintiffs state that they submitted the paperwork on November 17, 2011 and November 22, 2011. Plaintiffs further

---

[1] As it must, the Court "accept[s] as true all allegations in the complaint and construe[s] them in the light most favorable to the nonmoving party." In re Northlake Foods, Inc., 518 F. App'x 604, 606 (11th Cir. 2013).

2

allege that Defendant represented in the November 9, 2011, letter that the property would not be referred for foreclosure or sold at a foreclosure sale during the evaluation period. However, on December 6, 2011, Defendant sold the property at a foreclosure sale. Defendant filed the Foreclosure Deed on January 9, 2012, in the Superior Court of Douglas County.

Plaintiffs assert three causes of action. Count I alleges a lack of proper notice of the foreclosure sale. Count II alleges a failure to fairly exercise the power of sale clause in the security deed. Count III alleges a claim for promissory estoppel based on the promise not to foreclose contained in the letter dated November 9, 2011.

Prior to filing the instant lawsuit, Plaintiffs filed an identical suit in the Superior Court of Douglas County. Defendant filed a Motion for Judgment on the Pleadings, which was denied. On August 20, 2014, the Superior Court dismissed the suit based on a failure to prosecute. Plaintiffs then filed the instant suit in the Superior Court of Douglas County on April 17, 2015. On May 21, 2015, Defendant removed the action to this Court.

### III.   ANALYSIS

Judge King recommends that Defendant's Motion for Judgment on the Pleadings (Doc. No. 4) be granted in part and denied in part. Specifically, Judge King recommends dismissing Counts I and II for wrongful foreclosure, but

allowing Plaintiffs to proceed on Count III for promissory estoppel and on the request for attorney's fees, costs, and punitive damages. Defendant objects to the portion of the R&R pertaining to the promissory estoppel claim and the request for fees, costs, and punitive damages. (Doc. No. 13.)

### A. Counts I and II for Wrongful Foreclosure

Judge King found two bases for dismissing the wrongful foreclosure counts. First, the two year statute of limitations on wrongful foreclosure actions bars Plaintiffs' claims. Second, Plaintiffs failed to tender the amount due, and therefore cannot state a claim for wrongful foreclosure. Neither party objects to Judge King's findings or conclusions on these counts. The Court has reviewed the R&R and agrees with Judge King's findings. Accordingly, the portion of the R&R pertaining to Counts I and II is adopted as the opinion of this Court.

### B. Count III for Promissory Estoppel

Judge King recommends denying Defendant's Motion for Judgment on the Pleadings as to Count III for two reasons: (1) the doctrine of collateral estoppel bars Defendant's arguments and (2) even if collateral estoppel does not apply, Plaintiffs have sufficiently pled a claim for promissory estoppel. Because the Court finds that Plaintiffs have sufficiently stated a claim for promissory estoppel, regardless of any preclusion issue, the Court only adopts the portion of the R&R relating to the sufficiency of the complaint.

"Under Georgia law [a claim for promissory] estoppel requires a showing that (1) the defendant made certain promises, (2) the defendant should have expected that the plaintiffs would rely on such promises, and (3) the plaintiffs did in fact rely on such promises to their detriment." Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1326 (11th Cir. 2005).

Defendant first argues that promissory estoppel does not apply when neither party disputes the existence of a valid contract: here, the promissory note and deed. However, the promise allegedly made in this case relates to a promise not to foreclose on the house. Accordingly, the fact that a promissory note and security deed exist does not bar Plaintiffs' claim for promissory estoppel. See Benjamin v. BAC Home Loans Servicing, LP, No. CV 211-101, 2012 WL 1067999, at *5–6 (S.D. Ga. Mar. 29, 2012) (finding that the plaintiffs stated a claim for promissory estoppel where it was based on representations that the defendant would modify the mortgage, even where a promissory note and security deed existed).

Second, Defendant argues that Plaintiffs' claim is based primarily on Defendant's failure to enter into a loan modification, and an agreement to review a request for modification does not bind Defendant to grant said request. Defendant confuses Plaintiffs' claim: Plaintiffs' promissory estoppel claim is based on the

5

promise not to foreclose pending review of the loan modification, not a promise to grant modification.[2]

Reviewing the allegations of the complaint in the light most favorable to Plaintiffs, the Court finds that they have sufficiently stated a claim for promissory estoppel. In Plaintiffs' complaint, they allege that (1) Defendant promised not to refer the property to foreclosure during the evaluation period; (2) Plaintiffs submitted all the required paperwork to apply for modification; (3) Defendant previously represented that Plaintiffs would not be eligible for loan modification if they were current on payments; (4) Plaintiffs did not make arrangements to bring their loan current based on that representation; and (5) Defendant breached its promise by foreclosing on the property on December 6, 2011, three days prior to Plaintiffs' deadline to submit the aforementioned paperwork.

"Plaintiffs' promissory estoppel claim is based on the premise that [Defendant] ma[de] promises upon which the Plaintiffs[] relied." Benjamin, 2012 WL 1067999 at *6. Accordingly, "Plaintiffs have pled factual content sufficient to establish a short plain statement of their claim for relief." Id. Thus, the Court

---

[2] Defendant relies heavily on Adams v. JP Morgan Chase Bank, wherein the court held that the plaintiff failed to state a claim for promissory estoppel because the promise to reevaluate an application for loan modification was not a promise to save the plaintiff's home. No. 1:10-cv-04226-RWS, 2011 WL 2532925, at *3 (N.D. Ga. June 24, 2011). That case, however, focused on a promise to reevaluate the plaintiff's application. As the court held, such a promise was "too vague and indefinite to justify reasonable reliance" because "Defendant only promised to review the Plaintiff's application—without binding itself to a result." Id. Here, however, Plaintiff is alleging that Defendant *did* bind itself to a result. That is, Defendant promised not to foreclose on the property until it had an opportunity to review the loan modification application.

agrees with Judge King's conclusion that Plaintiffs have stated a claim for promissory estoppel. However, the Court expresses no opinion as to the preclusion analysis, and therefore only adopts in part Judge King's analysis.

## C.     Attorney's Fees and Punitive Damages

Finally, Defendant objects to the portion of Judge King's R&R regarding punitive damages and attorney's fees. As to attorney's fees, Defendant is correct that an award of fees and expenses is ancillary to the substantive claims, and a party may only recover fees if it first prevails on the substantive claim. United Cos. Lending Corp. v. Peacock, 475 S.E.2d 601, 602 (Ga. 1996) ("A prerequisite to any award of attorney fees under O.C.G.A. § 13–6–11 is the award of damages or other relief on the underlying claim."). Because the promissory estoppel claim remains, Plaintiffs are still able, if successful on this claim, to recover attorney's fees. Accordingly, the Court overrules Defendant's objection as to attorney's fees.

Defendant is correct, however, that punitive damages are unavailable for a claim of promissory estoppel. See ASC Constr. Equip. USA, Inc. v. City of Commer. Real Estate, Inc., 693 S.E.2d 559, 564–65 (Ga. Ct. App. 2010) (holding that punitive damages were not available where the only remaining claims were for promissory estoppel and quantum meruit). Accordingly, the Court sustains Defendant's objection as to punitive damages.

7

## IV. CONCLUSION

The Court **OVERRULES IN PART** and **SUSTAINS IN PART** Defendant's Objections to the Magistrate Judge's Non-Final R&R. (Doc. No. 13.) Accordingly, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Non-Final Report and Recommendation (Doc. No. 11). Specifically, the Court adopts the portions of the R&R pertaining to Counts I and II as the Order of this Court. Furthermore, the Court adopts Judge King's analysis as to whether Plaintiffs have stated a claim for promissory estoppel and Plaintiffs' eligibility for attorney's fees. However, the Court rejects the portion of the R&R pertaining to punitive damages. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Judgment on the Pleadings (Doc. No. 4).

**SO ORDERED**, this 6th day of January, 2016.

_Eleanor L. Ross_
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE